IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MELISSA FRITZ,                )
                              )
            Plaintiff,        )
                              )
vs.                           )   Case No. 04-3450-CV-S-GAF-SSA
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social Security, )
                              )
            Defendant.        )

## ORDER

Plaintiff's application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381, *et seq*, was denied initially. On May 11, 2004, following a hearing, an administrative law judge (ALJ) rendered a decision in which he found plaintiff was not under a "disability" as defined in the Act. On August 21, 2004, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir. 1997). If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The Eighth Circuit has stated that the court

defers "heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 225 F.3d 577, 581 (8th Cir. 2001).[1]

To establish entitlement to benefits, plaintiff must show she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d) and § 1382c(3)(A).

The ALJ found plaintiff had the severe impairments of non-insulin dependent diabetes mellitus, obesity, anxiety disorder, not otherwise specified, depressive disorder, not otherwise specified, post-traumatic stress disorder, borderline personality disorder by history, history of panic disorder, right chondromalacia patella, history of acute lumbar myositis, and left ulnar neuropathy, but didn't have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4.

The ALJ further found plaintiff did not have any past relevant work as defined by the Act, but she was not precluded from performing other work existing in significant numbers in the national economy.

Plaintiff first argues on appeal that the ALJ failed to perform a proper credibility analysis. Prior to rejecting a claimant's subjective complaints, the ALJ is required to make an express credibility determination explaining why he does not fully credit the claimant's complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). An ALJ may discount a claimant's subjective complaints of pain only if there are inconsistencies in the record as a whole. *See Johnson v. Chater*, 87 F.3d 1015, 1017

---

[1] Upon review of the record and applicable authority herein, defendant's position is found to be controlling. Much of defendant's brief is adopted without quotation noted.

(8th Cir. 1996); *Brown v. Chater*, 87 F.3d 963, 965 (8th Cir. 1996). "If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment." *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001) *quoting Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990). The Eighth Circuit has repeatedly stated that, where adequately explained and supported, credibility findings are for the ALJ to make. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citing *Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000)); *McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000).

In this case, the ALJ observed plaintiff's self-reported activities of daily living were inconsistent with allegations of totally debilitating symptomatology. The Eighth Circuit has noted that activities which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001). Plaintiff testified she drove because her husband could not drive. Plaintiff's self-reported activities included driving her husband 20 miles to work, and caring for her three daughters, ages two, seven, and nearly eight, while her husband was at work.

Plaintiff testified she was able to use her arms throughout the day, but that it hurt her right shoulder and elbow to lift "real high." She believed she could lift 10 pounds. She stated she spent her days watching television. She did laundry, cleaned her house, and washed the dishes. The ALJ's conclusion that plaintiff's self-reported activities were not supportive of her claim of disabling symptoms is supported by the record.

The ALJ also observed inconsistencies in the record which weighed against plaintiff's credibility. The ALJ noted plaintiff claimed in a pre-hearing statement and testified at the hearing that

3

she slept most of the time. However, she told multiple physicians she rarely slept or had trouble sleeping. Additionally, although plaintiff testified she slept most of the time, she told Muhammed Baber, M.D., she was so busy she forgot to take her medication.

Additionally, plaintiff was not compliant with treatment recommendations. Noncompliance with treatment is a proper factor in the credibility analysis. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). Plaintiff testified she did not check her blood sugar levels even though she had test strips. Plaintiff testified she stopped taking the medication prescribed for her knee pain because she forgot, not because it was not longer prescribed. She admitted to Dr. Baber on October 23, 2003, that she was not taking any of her medication because she was too busy and forgot. Plaintiff has alleged debilitating symptoms, including pain. If is reasonable to deem it unlikely that someone in severe pain would forgot to take her pain medication.

The ALJ also observed plaintiff had undergone only conservative treatment for her alleged pain. The Eighth Circuit has consistently held that allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *See Loving v. Dept. of Health & Human Services*, 16 F.3d 967, 970 (8th Cir. 1994); *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992); *Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991). Plaintiff was not prescribed other pain management modalities such as a TENS unit, a back brace, or an assistive device. She was not referred by a physician to a pain management clinic, despite her allegations of debilitating pain. Moreover, she has not required aggressive medical treatment, frequent hospitalizations, or surgical intervention for a musculoskeletal impairment. If plaintiff's pain were indeed

4

disabling, greater measures would have been taken to relieve her pain. This fact weighs heavily against her subjective complaints of disabling pain.

The ALJ further noted plaintiff had a poor work record with no substantial earnings even before her alleged onset date. In *Benskin v. Bowen*, 830 F.2d 878 (8th Cir. 1987), the Eighth Circuit held whether a claimant's work record supports his credibility is a question for the Commissioner to consider. *Id*. at 883.

Additionally, plaintiff argues the ALJ improperly addressed her husband's hearing testimony. Specifically, plaintiff states the ALJ incorrectly stated plaintiff's husband "denied that [plaintiff] ha[d] daily hallucinations." Plaintiff is correct. Even so, the ALJ did not consider this factor alone. The Eighth Circuit has held that the corroborating testimony of an interested witness, such as a spouse or one who lives with a claimant, may be discounted because that witness has a financial interest in the case. *See Owenbey v. Shalala*, 5 F.3d 342, 345 (8th Cir. 19930. This error was minor at best, and did not affect the overall decision of the ALJ.

. Plaintiff further argues the ALJ failed to properly consider her obesity and the opinion of one of her treating physicians in making the residual functional capacity (RFC) determination. In this regard, after performing a credibility analysis and reviewing all of the medical and other evidence of record found credible, the ALJ determined plaintiff's RFC and correctly concluded plaintiff had the RFC to perform jobs existing in significant numbers in the national economy. "An ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) citing *Anderson v. Shalala*, 51 F.3d 777,

5

779 (8th Cir. 1995). The ALJ's determination was not at odds with the medical opinions of record with regard to plaintiff's remaining abilities.

The ALJ made the following findings regarding plaintiff's RFC: plaintiff could frequently lift and/or carry 10 pounds; occasionally lift and/or carry 20 pounds; stand and/or walk a total of 2 hours in an 8 hour workday; stand 20 minutes at one time; sit a total of 8 hours in an 8 hour workday and continuously sit for 2 hours. Plaintiff could occasionally bend, stoop, crawl, crouch or knee[sic]. She should not work around potentially dangerous, unguarded moving machinery or significant unprotected heights. She could occasionally push and/or pull with her right upper extremity. She could never reach overhead with her bilateral upper extremities. She should not drive commercially. She could perform simple, repetitive, low stress work with no customer service.

Plaintiff argues the ALJ's RFC is at odds with the opinion of her treating physician, Greg Zolkowski, D.O. A treating physician's opinion concerning an applicant's physical limitations is entitled to substantial weight. *See Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996); *Richmond v. Shalala*, 23 F.3d 1441, 1444 (8th Cir. 1994); 20 C.F.R. § 416.927(d) (2004).

In this case, the ALJ found Dr. Zolkowski's opinion of plaintiff's physical limitations was consistent with her RFC finding. Plaintiff argues this is not the case. Dr. Zolkowski opined plaintiff should not lift with her right arm. While the ALJ did not specifically address this limitation and did not include it in her RFC finding, the strength limitations in plaintiff's RFC are consistent with those recommended by Dr. Zolkowski, and plaintiff herself testified that she could use both arms throughout the day, but that it hurt her right shoulder and elbow to lift "real high." Plaintiff's testimony was not that she could not use her right arm for any lifting. It is well established that the treating physician's opinion

6

is not always dispositive, and when the evidence is conflicting, resolution is the province of the Commissioner. *See Beasley v. Califano*, 608 F.2d 1163, 1165-66 (8th Cir. 1979).

Plaintiff also alleges the ALJ left out Dr. Zolkowski's opinion that plaintiff's ability to reach was limited. However, the ALJ stated plaintiff could never reach overhead with her bilateral upper extremities. Consequently, the ALJ properly accounted for this limitation.

Specifically in regard to plaintiff's obesity, the ALJ found at step two of the sequential evaluation process that plaintiff had severe impairments, including obesity. According to the regulations, the ALJ is required to consider all medically determinable impairments when assessing RFC. *See* 20 C.F.R. § 416.945(a)(2) (2004). In finding plaintiff had the severe impairment of obesity, the ALJ considered the effects of that impairment in her disability analysis. The record evidence, including the statements of plaintiff's treating physicians, does not support greater restrictions than those found by the ALJ, or specific restrictions due only to obesity. The ALJ did not err in her consideration of this impairment.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: May 31, 2005